# EXHIBIT B



**Kristina Caggiano Kelly**
Director
202-772-8524
Fax: 202.371.2540
kckelly@sternekessler.com

April 13, 2023

Benjamin J. Schladweiler *Via Email*
Greenberg Traurig, LLP schladweiler@gtlaw.com
222 Delware Avenue, Suite 1600
Wilmington, DE 19801

      Re:    *RoboticVISIONTech, Inc. v. ABB Inc.*
               C.A. No. 22-01257-GBW

Dear Benjamin:

      We write in response to your April 7, 2023 letter regarding the sufficiency of our March 31 Initial Disclosures.

**I.    *Scope of the Accused Products***

      ABB notes that, in Counts I, II, and III of the Complaint, RVT identifies the accused product as "ABB's FlexVision product." This identification was made based on RVT's information and belief regarding ABB's machine vision product and the name ABB uses to identify that product. You further note that in the Initial Disclosures, RVT describes ABB's FlexVision product as inclusive of ABB's FlexVision 3D software, robots sold with a version of that software, and robots configurable for use with that software. RVT's accusations extend to all versions of the FlexVision 3D software and its functionality, whether or not they are formally named "FlexVision 3D." We understand from your correspondence that your objection is not to this clarification, but solely with the broader description of these products as, collectively, "robotic vision technology" in identifying what is accused.

      Our response is that RVT's allegations is based on the functionality in ABB's FlexVision products. As used in our Initial Disclosures and based on our current understanding, the term "ABB's robotic vision technology" is a generic descriptor of the FlexVision technology that is accused. RVT cannot be expected to have complete knowledge and understanding of ABB's products and nomenclature at this time, as that information is not publicly available. For that reason, we have served Interrogatories requesting (among other things) a listing of ABB's products and their functionalities, from which we expect to determine whether ABB has any robotic vision technology that is not coextensive with what we understand FlexVision to be. As potential examples, ABB's Integrated Vision and FlexLoader Vision products may contain FlexVision functionality. We therefore believe that the question of whether our Complaint and Initial Disclosures are commensurate in scope is premature at this time.

Benjamin J. Schladweiler
April 13, 2023
Page 2

For purposes of advancing discovery, we believe that the broader description of "robotic vision technology" is appropriate under the rules, as this description is intended to cover FlexVision products and other products that are "reasonably similar," if any. *See, e.g.*, *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2012) (finding that discovery is not limited products specifically identified in the plaintiff's initial disclosures). At this time, "[t]he products are sufficiently identified so that [defendant] has notice of what is being alleged, and so that discovery can proceed without being unlimited in scope." *XpertUniverse, Inc. v. Cisco Sys.*, C.A. No. 09-157-RGA, 2012 U.S. Dist. LEXIS 6844 at *11 (D. Del. Jan. 20, 2012); *see also JSDQ Mesh Techs. LLC v. Peabody Energy Corp.*, C.A. Nos. 14-1338-GMS & 14-1341-GMS (D. Del. 2015) (compelling a defendant to identify all products, including those not specifically accused). Should discovery demonstrate that the terminology used in our Complaint is too narrow or that the terminology used in our Initial Disclosures is too broad, we will amend our positions as appropriate.

## II.   RVT's Disclosures of its Trade Secrets

RVT has identified its trade secrets with particularity, both in its Complaint and its Initial Disclosures. We understand that ABB has two objections to the trade secret identification in RVT's Initial Disclosures.

*First*, ABB objects that RVT uses the word "includes" before identifying the trade secrets that it alleges are at issue in this case. RVT has many trade secrets, not limited to the enumerated trade secrets that form the basis for the present Complaint. While it is possible that RVT will learn of other trade secrets that were also misappropriated, it is not aware of any at this time. The word "includes" merely denotes the fact that RVT has other trade secrets and reserves all rights to supplement and amend its positions in this case. The nature of RVT's claims and the relevance of RVT's discovery requests do not presently implicate any trade secrets beyond those which are enumerated in RVT's Initial Disclosures.

*Second*, ABB objects that the substance of RVT's Initial Disclosures "simply parroted" the language of its Complaint. Your observation that the Complaint and Initial Disclosures are the same in this respect is accurate, but that does not mean that the Initial Disclosures are deficient. RVT's Complaint was exceptionally detailed and specific with respect to identifying its trade secrets—far exceeding the pleading requirements in its particularity. We believe that RVT has adequately identified its trade secrets to provide the requisite notice to ABB at this time.

Respectfully,
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Kristina Caggiano Kelly
Director

Sterne, Kessler, Goldstein & Fox P.L.L.C. | 1100 New York Avenue NW | Washington, D.C. 20005
P 202.371.2600 | F 202.371.2540 | sternekessler.com