# EXHIBIT E



**Kristina Caggiano Kelly**
Director
202-772-8524
Fax: 202.371.2540
kckelly@sternekessler.com

April 30, 2023

Benjamin J. Schladweiler  *Via Email*
Greenberg Traurig, LLP  schladweiler@gtlaw.com
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

      Re:    *RoboticVISIONTech, Inc. v. ABB Inc.*
               C.A. No. 22-01257-GBW

Dear Benjamin:

    We write in response to your April 26, 2023 letter further contesting the sufficiency of our March 31 Initial Disclosures.

### I.   Scope of the Accused Products

    ABB continues to assert that the phrase "ABB's robotic vision technology" as used in RVT's Initial Disclosures is significantly broader than the phrase "ABB's FlexVision product" as used in RVT's Complaint. As we explained in our previous letter, RVT's initial disclosures describe the functionality accused in our Complaint and are therefore proper. We provided the example of ABB's Integrated Vision and FlexLoader Vision products, which ABB may or may not call "FlexVision 3D" but which we believe contain FlexVision functionality. These products therefore fall within the scope of "ABB's FlexVision product."

    Your letter does not take issue with this clarification, and presents no basis for objecting to discovery on these products. We note, however, that your responses to our first set of interrogatories served on April 28 do not provide any information about ABB's Integrated Vision and FlexLoader Vision products. They are therefore deficient.

    Your letter does take issue with the phrase "ABB's robotic vision technology" as purportedly broad enough to read on "the use of bar-code readers." Your responses to our first set of interrogatories and requests for production reiterate this objection, and treat it as a basis to withhold discovery on all products other than those you identify as "FlexVision 3D." That is improper. We do not see how the plain meaning of "robotic vision technology" would cover the use of bar-code readers. Moreover, the Complaint attaches claim charts and describes the accused product functionality in great detail, making clear the technology at issue in this case.

    Even if RVT's *accusations* were properly limited to FlexVision 3D software (instead of all ABB robotic vision technology that encompasses FlexVision functionality), it still would not justify ABB withholding *discovery* on all products that are "reasonably similar" to ABB's

Benjamin J. Schladweiler
April 30, 2023
Page 2

FlexVision product. As the cases cited in our previous letter make clear, the scope of discovery is substantially broader than the scope of a party's accusations. ABB is still obligated to provide discovery on Integrated Vision, FlexLoader Vision, and other reasonably similar products, regardless of the parties' semantic dispute over what constitutes "ABB's FlexVision product." RVT will clarify here that it is not accusing bar-code readers and ABB need not produce discovery on bar-code readers.

To the extent there remains any disconnect on the proper scope of RVT's accusations, we believe it will be resolved once ABB provides fulsome answers RVT's interrogatories, which ask (among other things) for ABB to list the products it sells and their functionality. RVT is not, as you contend, "refus[ing] to amend [its] disclosures." Rather, RVT believes the question as to whether the disclosures and the Complaint are commensurate in scope, and whether either needs amending, is premature. RVT does not yet know the official names of all the products ABB sells and their functionality, because ABB's responses to RVT's interrogatories served on April 28, 2023, failed to provide this information. Any alleged need for further clarification as to which ABB products fall within the scope of RVT's accusations and discovery requests is thus a problem of ABB's own making.

## II.     RVT's Disclosures of its Trade Secrets

Your most recent letter does not appear to identify any particular deficiency with RVT's disclosure of trade secrets, or any particular point of confusion with RVT's current discovery requests. You observe that ABB added a sentence to the procedural schedule requiring RVT to identify its trade secrets with particularity and RVT did not object. But that sentence did not create any obligation beyond what is required by the Federal Rules of Civil Procedure, which RVT has satisfied. Nor did that sentence imply any agreement between the parties that the trade secrets identified in the Complaint were somehow deficient. Whether ABB was hoping to receive something other than it received does not speak to whether ABB can understand the nature of RVT's claims and the relevance of RVT's discovery requests as they currently stand.

If you still feel that we are still at an impasse on either of the issues above, and that you have a request for relief that is ripe for judicial review, we are available to meet and confer at 11 AM on Monday. We will oppose any motion to strike and may cross-move to compel discovery on the full scope of ABB's robotic vision technology and products reasonably similar to FlexVision.

Respectfully,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Kristina Caggiano Kelly
Director