# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADOBE SYSTEMS INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 00-743-JJF |
| MACROMEDIA, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Presently before the Court is a Rule 37 Motion To Compel Contentions And Other Discovery (D.I.65) filed by Adobe Systems Inc. ("Adobe"), and a Counter-Motion To Compel Discovery (D.I.75) filed by Macromedia, Inc. ("Macromedia"). For the reasons discussed, the Court will grant in part and deny in part each motion.

A. CONTENTION INTERROGATORIES

Macromedia and Adobe have each served the opposing party with contention interrogatories regarding potential claims and defenses. (D.I.77 at 6-8). Similarly, Macromedia and Adobe have each failed to completely answer the contention interrogatories. Id. Contention interrogatories are an essential element of modern discovery. Furthermore, the Court finds that sufficient discovery is completed for the parties to now answer the contention interrogatories. Accordingly, the Court will grant

each parties' motion to compel with respect to the contention interrogatories.

B. ELECTRONIC SOURCE CODE

Adobe has requested that Macromedia produce its complete, compilable, electronic source code of the accused products. (D.I.65 at 5). Macromedia objected to the request on the grounds of confidentiality. Id. The production of the electronic source code has been resolved by the Court's November 5, 2001 Order. (D.I.148).

C. FLASH SOFTWARE DEVELOPMENT KIT

Adobe has requested that Marcomedia produce the Software Development Kit ("SDK") for the accused product, Flash. (D.I.65 at 7). Macromedia responded that the Flash SDK was confidential and could not be produced until a protective order was in place. Id.

The Flash SDK is available to the general public via Macromedia's website, so the Court finds Marcomedia's confidentiality concerns dubious. Id. at 7-8. However, the Court has resolved all confidentiality issued by its November 5, 2001 Order and a stipulated protective order will be entered on November 9, 2001. (D.I.148). Therefore, the Court will grant the motion to compel with respect to the Flash SDK.

D. BAR GRAPH CHARTS (Macromedia Document 02716-725)

Adobe has requested the production of a color copy of the bar graph in Macromedia's Document 02716-725. (D.I.65 at 8). Macromedia replied by producing its "best black and white copy" because it is unable to produce a color version. Id. The Court is persuaded that Macromedia has satisfied its burden under Federal Rule of Civil Procedure 26(b). Accordingly, the Court will deny the motion to compel with respect to the production of a color copy of Macromedia's Document 02716-725.

E. PRODUCTION OF DOCUMENTS CONCERNING "SOFTWARE PRODUCTS"

Adobe has requested that Macromedia produce all documents relating to Macromedia's "Software Products." (D.I.65 at 9). Adobe defined "Software Products" as "Macromedia's publishing software, including but not limited to, Flash 4, Flash 5, Dreamweaver 2.0, 3.0, Fireworks Version 3 and Freehand Version 8 products, and all versions thereof." Id. Macromedia objected to the definition of "Software Products" and limited its production to "xRes 2.0, Flash 5, Freehand 7.0 and higher, and Dreamweaver." Id. Adobe now seeks to compel the production of all documents under its definition of "Software Products." Id.

While the Federal Rules of Civil Procedure provide for a broad scope of discovery, the Court may limit discovery if a request is overly broad, and not "relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1), Advisory Committee

Notes. Adobe's definition of software products includes Macromedia products that are not named in the Complaint or First Amended Complaint. (D.I.1; D.I.15, and D.I.77 at 12). Clearly, such a document request is beyond the scope of Adobe's potential claims or defenses, and therefore beyond the scope of discoverable material. Accordingly, the Court will deny that portion of Adobe's motion to compel.

F. OPINION OF COUNSEL LETTER - '597 PATENT NON INFRINGEMENT ANALYSIS

Adobe has requested that an unredacted Non-Infringement Analysis of U.S. Patent No. 6,084,597 ("the '597 patent") be produced. (D.I.65 at 10). Macromedia refused to produce the unredacted document on the grounds of attorney client privilege.

Attorney-client privilege is waived when the client deliberately injects into the case the advice and opinion received from counsel. Smith v. Alyeska Pipeline Service Co., 538 F.Supp. 977, 979 (D.Del. 1982). The Court finds that Macromedia waived the attorney client privilege by relying on the opinion of counsel as an essential element of its defense. Furthermore, after an examination, the Court is persuaded that the redacted portion of the opinion of counsel contains analysis of Macromedia's accused products. Therefore, the Court will grant the motion to compel with respect to the opinion of counsel containing the '597 patent noninfringement analysis.

G. DEPOSITIONS

Adobe has noticed the depositions of the Macromedia Patents-In-Suit inventors. (D.I.65 at 10). However, the depositions have not yet occurred due to the parties' failure to agree upon a mutually convenient time. Id. In the Court's view, the trial date of April 29, 2002 requires completion of discovery no later than the end of the year. Therefore, if the parties are unable to agree upon a mutually convenient time, the Court will arbitrarily set dates for the depositions at the end of November 2001.

H. MACROMEDIA'S DOCUMENT REQUEST NOS. 31 AND 32

Macromedia seeks the production of documents containing Adobe's statements regarding the viability and enforcement of its software patents in Document Request Nos. 31 and 32. (D.I.77 at 19). Adobe declined to produce these documents on the grounds of privilege and relevancy.

The Court has the authority to confine discovery to the claims and defenses asserted in the pleadings because the parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. Fed.R.Civ.P. 26(b)(1), Advisory Committee Notes. The Court finds that Macromedia's Request Nos. 31 and 32 are beyond the subject matter of this litigation. Accordingly, the motion to compel will be denied.

I. MACROMEDIA'S DOCUMENT REQUEST NO. 105

In Document Request No. 105, Macromedia seeks the production of Adobe documents discussing any accusations of infringement by or demands for patent licenses covering the Adobe products that practice the patents-in-suit. (D.I.91 at 6). Adobe objected to the document request on the grounds of relevancy. (D.I.77 at 19).

As discussed previously, the Court has the authority to confine discovery to the claims and defenses asserted in the pleadings. Fed.R.Civ.P. 26(b)(1), Advisory Committee Notes. The Court finds, again, that the document request is beyond the subject matter of the instant litigation and therefore, will deny the motion to compel.

J. MACROMEDIA'S DOCUMENT REQUEST NO. 108

Macromedia seeks to compel the production of any Adobe documents that discuss Macromedia in Document Request No. 108. (D.I.91 at 6). Adobe objected to the request on the grounds of relevancy. (D.I.77 at 19).

The Court presumes that this document request is merely "threat discovery." However, because the Court finds the request to be remotely relevant to Macromedia's laches and estoppel defense, and, out of an abundance of caution, the Court will compel Adobe to produce the documents for an in camera review. If, upon review, the Court finds the documents to be

relevant, the Court will order the documents be produced to Macromedia.

K. MACROMEDIA'S DOCUMENT REQUEST NO. 154

In Document Request No. 154, Macromedia seeks to compel production of documents related to Adobe's licensing of Microsoft Corporation's Excel spreadsheet software, including "all documents 'constituting, referring, or relating' to Microsoft Excel 4.X and 5.X." (D.I.77 at 21). Adobe objected to the request on relevancy grounds. Id.

The Court is persuaded that Document Request No. 154, as it relates to potential prior art, is relevant to the subject matter of the lawsuit, specifically Macromedia's potential defense of invalidity. Accordingly, the motion to compel will be granted.

NOW THEREFORE, IT IS HEREBY ORDERED this 9 day of November 2001 that:

I. Adobe's Rule 37 Motion To Compel (D.I.65):

(1) Macromedia's answer to Adobe's contention interrogatories served on December 15, 2000 (nos. 4, 5, 6, 21, and 24) and contention interrogatories served on May 2, 2001 (nos. 31, 32, 33, 34) is **GRANTED**.

(2) The production of Macromedia's electronic source code is **GRANTED** in accordance with the Court's November 5, 2001 Order. (D.I.148).

(3) The production of the Flash SDK is **GRANTED**.

(4) The production of Macromedia Document 02716-725 in color is **DENIED**.

(5) The production of documents under Adobe's definition of "Software Products" is **DENIED**.

(6) The depositions of Macromedia Patents-In-Suit Inventors is **GRANTED** subject to the parties scheduling the depositions, prior to November 23, 2001, for a mutually convenient time.

II. Macromedia's Counter-Motion To Compel (D.I.75):

(1) Adobe's answer to Macromedia's contention interrogatories nos. 2, 11, 12, 15, 22, 23, and 35 is **GRANTED**.

(2) Production of documents in response to Macromedia's Request Nos. 31 and 32 is **DENIED**

(3) Production of documents in response to Macromedia's Request No. 105 is **DENIED**

(4) Production of documents in response to Macromedia's Request No. 108 shall be submitted to the Court, no later than November 23, 2001, for an in camera review. To the extent such documents

are relevant to the subject matter of the litigation, the Court will order the documents be produced to Macromedia.

(5) Production of documents in response to Macromedia's Request No. 154 is **GRANTED** to the extent such documents exist.

UNITED STATES DISTRICT JUDGE