IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOTICVISIONTECH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1257-GBW |
| | ) |
| ABB INC., | ) |
| | ) |
| Defendant. | ) |

**RVT'S MOTION TO COMPEL DOCUMENT PRODUCTION**

OF COUNSEL:
J.C. Rozendaal
Michael E. Joffre
William H. Milliken
Kristina Caggiano Kelly
Anna G. Phillips
William Rodenberg
STERNE, KESSLER, GOLDSTEIN
 & FOX PLLC
1100 New York Ave, NW
Suite 600
Washington, DC 20005
(202) 371-2600

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

Dated: August 2, 2023

Dear Judge Williams,

ABB has refused to produce any discovery on any topic in this case until the Court resolves ABB's pending motions to dismiss or strike RVT's trade-secret claims. But there are issues in this case that will proceed through discovery regardless of the pending motions—namely, patent and copyright infringement by ABB's accused vision technology product. ABB has attempted to justify its position by arguing that RVT should identify its trade secrets with particularity as a prerequisite to any document production. *See* Ex. A (correspondence). This makes no sense. First, there is no law or rule that requires ABB's dictated order of events. Second, as RVT explained in its opposition to ABB's motion to strike the trade-secret claims, *see* D.I. 16, RVT *has* identified its trade secrets with particularity. ABB cannot unilaterally deem RVT's identification of its trade secrets insufficient and then use that baseless position as justification to withhold discovery on issues that do not even relate to trade secrets (i.e. documents relevant to RVT's patent and copyright infringement claims). ABB should begin producing responsive documents immediately.

## I.   Background

Before the events that formed the basis for RVT's complaint, ABB did not have 3D robotic vision technology of its own. Instead, it licensed RVT's robotic vision technology software, called "eVF." D.I. 1 ¶¶ 11–14. After that license expired, ABB engaged RVT in years of misdirection and subterfuge, which involved poaching RVT's head software developer and inventor on two of the accused patents as well as collecting technical information from RVT under the ruse of a promised partnership. *Id.* at ¶¶ 17–33. ABB willfully used this intelligence to develop and launch its own competing robotic vision technology embodied in technology originally named "FlexVision." *Id.* at ¶ 35.

Due to the confidentiality in the robot-vision industry, RVT had no insight into the inner workings of FlexVision and no way of investigating whether it was legitimately developed—until recently. *Id.* In 2021, RVT obtained a confidential user manual for FlexVision. A review of that manual made clear that FlexVision is an unauthorized copy of eVF, which embodies RVT's patented inventions, trade secrets, and copyrighted source code. *Id.* at ¶¶ 36–37. This lawsuit followed.

ABB filed a motion to dismiss RVT's trade-secret misappropriation claims as time-barred. D.I. 12. RVT opposed that motion, explaining how the confidentiality in the industry precluded any investigation into RVT's suspicions of ABB, and identifying various material disputes of fact precluding dismissal. D.I. 16. That motion is pending.

RVT has since answered ABB's interrogatories, produced responsive documents, and served discovery of its own, including initial disclosures. ABB filed a motion to strike the trade-secret allegations from RVT's initial disclosures, arguing that RVT failed to identify its trade-secrets with particularity. D.I. 30. RVT opposed that motion as well, citing the dozens of paragraphs (comprising over ten pages) in the complaint and the initial disclosures that identify and describe each of five specific trade secrets with exceptional particularity. D.I. 32. That motion is pending as well.

## II.     The present dispute

RVT has propounded discovery on ABB seeking information and documents relevant to RVT's patent and copyright infringement claims against ABB's robotic vision technology. Because RVT's trade-secret misappropriation claims are disputed in two pending motions, RVT has not yet propounded discovery on trade secret issues. This motion is also not seeking to compel documents relating to any products that ABB disputes is part of this case in its pending motion to strike. *See* D.I. 32. Neither party needs to prioritize those issues yet, especially when there is much work to do on patent and copyright issues that are not subject to any pending controversy. Discovery occurs on a rolling basis, and should begin in earnest, at least on non-controversial topics. *See, e.g.*, *Int'l Const. Prods. LLC v. Caterpillar Inc.*, C.A. No. 15-108-RGA, D.I. 160 at 1 (D. Del. Sept. 26, 2018) ("document production shall be made on a rolling basis").

Despite the limited scope of RVT's current discovery requests, and multiple meet-and-confers on this dispute, ABB refuses to produce a single document on any topic. That is improper. *See* Fed. R. Civ. P. 26(d)(1) (opening discovery following Rule 26(f) conference); Notes of Advisory Committee on Rules—1993 Amendment, subdivision (f) ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.").

ABB is unilaterally withholding all document production unless RVT capitulates on the trade-secret identification issue raised in ABB's motion to strike—i.e. ABB refuses to engage in *any* document production until RVT identifies its trade secrets to whatever unspecified level of detail ABB unilaterally deems satisfactory.[1] That is also clearly improper. *See Bristol-Myers Squibb Co. v. Mylan Pharms.*, C.A. No. 09-651-LPS, 2011 U.S. Dist. LEXIS 170191, *18 n.5 (D. Del. July 11, 2011) ("A party cannot unilaterally absolve itself of its obligation to participate in discovery. Should a party believe it has a basis to refrain from participating in discovery, it should seek a protective order or a stay of discovery.") (citations omitted).

ABB's position here is especially untenable for two reasons. First, it is improper for ABB to hold hostage patent- and copyright-related documents as leverage for unrelated trade-secret disputes. *See id.* (rejecting argument that pending motion to dismiss absolved defendant of obligation to participate in discovery). Second, RVT *already has* identified its trade secrets with particularity. RVT's complaint walks through each of the enumerated trade secrets in detail, specifically identifying the software algorithms that implement the trade secret, the value the trade secret brings to the overall product, and the operations described in ABB's FlexVision user manual that correspond to the asserted trade secrets. *See id.* at ¶¶ 132-141. ABB never identified any actual deficiencies in RVT's current trade-secret identification. *Id.* And it did not move for a more definite statement of the trade secrets in RVT's complaint under Rule 12. As explained in

---

[1] In its discovery correspondence, ABB purports to be withholding all document production pending resolution of the scheduling order. *See* Ex. A. Even if that were a proper basis to withhold discovery—which it is not—ABB's position in the scheduling order as to when document production should begin is following RVT's identification of its trade secrets, which has already occurred.

RVT's opposition to ABB's motion to strike, there is nothing more for RVT to do. D.I. 32. Third, ABB also has asserted that it will not produce documents or source code for fear that RVT will use that discovery to better identify the trade secrets ABB has misappropriated. That is also not a basis to withhold discovery, nor would RVT doing so violate any rule.

      Effectively, ABB is withholding all document production on all topics until the Court resolves ABB's pending motions. That is improper under *Bristol* and the Court should compel ABB to proceed with discovery. Specifically, the Court should order ABB to produce core technical documents describing ABB's FlexVision product, produce documents and communications reflecting the development of FlexVision, and provide a source code inspection pursuant to the Protective Order in place.

                                          Respectfully submitted,

                                          */s/ Emily S. DiBenedetto*

                                          Emily S. DiBenedetto (No. 6779)

cc:      Clerk of the Court (by CM/ECF and Hand Delivery)
           All Counsel of Record (by CM/ECF and Email)