# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ROBOTICVISIONTECH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABB INC.,<br><br>Defendant. | Case No. 22-cv-01257-GBW<br><br>**DEMAND FOR JURY TRIAL** |

## RVT'S RESPONSES TO ABB'S FIRST SET OF INTERROGATORIES TO PLAINTIFF (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff RoboticVISIONTech, Inc. ("RVT"), herein responds to Defendant ABB Inc.'s ("ABB") First Set of Interrogatories served March 29, 2023.

RVT's responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in this action or any other action; (b) the right to object to the use of any such responses or the subject matter thereof, on any ground in this action and any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these Interrogatories or other discovery involving or related to the subject matter of the discovery to which these responses are provided.

Discovery is ongoing. RVT's responses are based on RVT's knowledge, information, and belief at this time. Pursuant to Federal Rule of Civil Procedure 26(e), RVT reserves the right to supplement, correct, or revise its responses and objections based upon any information, evidence, or documentation, which hereinafter may be discovered.

1

**GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following general objections to Plaintiff's Definitions and Instructions apply to each Interrogatory and form an integral part of Defendants' responses to the Interrogatories, and are in addition to any Specific Objections stated in response to any particular Interrogatory.

1.      Any responses herein provided by RVT are given without prejudice to RVT using, or relying on at trial, subsequently discovered information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

2.      Any response herein provided by RVT shall in no way constitute or be construed as a waiver of any objection contained herein. For any and all information, documents, or things provided in response to each Interrogatory, RVT reserves all objections or other questions regarding the authenticity, competency, relevance, privilege, or admissibility of such information, document, or thing as evidence in this suit or any other proceeding, action, or trial.

3.      RVT responds to each Interrogatory based on present knowledge, information, and belief, as RVT presently understands and interprets them. RVT objects to each Interrogatory to the extent that a complete answer may be impractical or infeasible because this case is still in its initial stages. These responses and the objections and limitations contained herein are subject to and without waiver of (a) the right to make additional or supplemental objections to these or other Interrogatories and (b) the right to revise, correct, amend, or modify these responses upon, among other things, the discovery of additional facts and materials, further investigation, and other developments in this proceeding.

4.      RVT objects to Defendant's Interrogatories, including the "Definitions" and "Instructions," to the extent they seek to impose requirements or obligations on RVT in addition to or different from those required under the Federal Rules of Civil Procedure, the

2

Local Rules of the U.S. District Court for the District of Delaware, and Orders of the Court, or any stipulation or agreement between the parties. RVT further objects to these "Definitions" and "Instructions" to the extent they purport to alter the plain meaning or scope of any Interrogatory on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, or unduly burdensome.

5.      RVT objects to each Interrogatory to the extent it is compound and consist of several discrete subparts comprising disjunctive and/or conjunctive questions improperly joined together in one interrogatory in an improper attempt to circumvent the requirements of Fed. R. Civ. P. 33.

6.      RVT objects to each Interrogatory to the extent it is cumulative or duplicative of other discovery, including other interrogatories, requests for production, and requests for admission.

7.      RVT objects to each Interrogatory to the extent it seeks information, documents, or things that are more properly addressed by other forms of discovery.

8.      RVT also objects to each Interrogatory to the extent it seeks expert opinions or testimony. Any disclosure of such information, documents, or things is inadvertent and shall not constitute a waiver of any privilege or immunity.

9.      RVT objects to each Interrogatory to the extent it mischaracterizes facts or documents. RVT's response to any Interrogatory is not meant to be, and should not be construed as, an acknowledgement by RVT that such facts or documents exist or are accurately characterized.

10.     RVT objects to each Interrogatory, consistent with Fed. R. Civ. P. 33(d), to providing a response to any Interrogatory where the information can be derived from

3

documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

11.    RVT objects to each Interrogatory to the extent it is premature, and RVT's response to the Interrogatory is without prejudice to this objection. RVT reserves the right to amend, and/or supplement each of its responses, including in response to any Court Order or agreement between the parties.

12.    RVT objects to each Interrogatory to the extent it is unbounded in time. RVT will limit its responses to dates after the issuance of the Patents-in-Suit asserted against RVT, or as appropriate.

13.    RVT objects to each Interrogatory to the extent it calls for the disclosure of information, documents, or things that were created or obtained after the commencement of the suit.

14.    RVT objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent they seek information that is not proportional to the needs of the case, when considering at least the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.

15.    RVT objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent it assumes facts not in evidence and/or requires RVT to draw legal conclusions and make legal determinations. RVT's response to any such Interrogatory shall not be construed as a concession or agreement with any implications or conclusions, factual, legal, or otherwise, that may be drawn from such an Interrogatory.

*Robotic VisionTech, LLC*, No. 5:10-cv-012626-JCO-PJK, ECF No. 1 at 10–11 (E.D. Mich. July 1, 2010) ("ABB Compl"); ECF No. 16 (E.D. Mich. Aug. 17, 2010); ECF No. 16-1 (E.D. Mich. Aug. 17, 2010); ECF No. 21 (E.D. Mich. Sept. 16, 2010). RVT's investigation into the subject matter of this Interrogatory is ongoing, and RVT reserves the right to revise, correct, supplement, or clarify this response to the extent necessary as discovery in this case progresses.

INTERROGATORY NO. 4:

For each alleged trade secret you contend is relevant to the subject matter of this action, identify the person or persons involved in conceiving and creating the subject matter of the trade secret and explain when the subject matter of the trade secret was conceived and created.

RVT incorporates its general objections by reference. Further, RVT objects to ABB propounding any Interrogatories related solely to RVT's trade secret claims while ABB's Motion to Dismiss those trade secret claims remains pending.

Notwithstanding these objections, RVT responds that subject matter of the asserted trade secrets was conceived and created by Babak Habibi, Simona Pescaru, Mohammad Sameti, and Remus Florinel Boca beginning around 2001.

RVT has produced documents describing the history and development of eVF at RVT_0004119-4162. RVT is conducting an investigation as to which developers wrote which portions of the trade-secret source code and will produce responsive documents following resolution of ABB's Motion to Dismiss. RVT's investigation into the subject matter of this Interrogatory is ongoing, and RVT reserves the right to revise, correct, supplement, or clarify this response to the extent necessary as discovery in this case progresses.

INTERROGATORY NO. 5:

For each alleged trade secret you contend is relevant to the subject matter of this action, identify all persons with access to each of the alleged trade secrets from the time of their creation to the present and explain all efforts that you have undertaken to maintain the secrecy of the alleged

secret and identify all documents and things that relate to your efforts to maintain the secrecy of the alleged trade secrets.

RVT incorporates its general objections by reference. Further, RVT objects to ABB propounding any Interrogatories related solely to RVT's trade secret claims while ABB's Motion to Dismiss those trade secret claims remains pending.

Notwithstanding these objections, RVT responds that the creators of the trade secrets, Babak Habibi, Simona Pescaru, Mohammad Sameti, and Remus Florinel Boca, had access to the trade secrets throughout their employment with Braintech and RVT. All employees commissioned to develop the eVF source code were provided RVT-controlled computers and equipment on which to access the trade-secret technology, and all four signed agreements not to allow the equipment or the trade-secret information to leave the custody and control of RVT. The standard-form NDA binding developer Remus Boca is produced at RVT_0003573-3593.

Additionally, RVT's former CTO and Patent Director, John Brownlee, had access to RVT's trade-secret technology while employed at RVT. Today, RVT employees, Rick Weidinger, Tim Weidinger, and consultant Paul Weidinger, are the only individuals with access to RVT's trade secrets.

Up to four additional software developers hired by RVT to maintain the source code have had access to RVT's trade secrets. RVT will determine and produce the names, dates of employment, and job descriptions of these individuals. All employees of Braintech and RVT are bound by perpetual nondisclosure agreements protecting RVT's intellectual property, including trade secrets.

RVT's investigation into the subject matter of this Interrogatory is ongoing, and RVT reserves the right to revise, correct, supplement, or clarify this response to the extent necessary as discovery in this case progresses.

INTERROGATORY NO. 6:

For each alleged trade secret you contend is relevant to the subject matter of this action, describe all facts upon which you will rely to show that each alleged trade secret has independent economic value from not being generally known.

RVT incorporates its general objections by reference. Further, RVT objects to ABB propounding any interrogatories related solely to RVT's trade secret claims while ABB's motion to dismiss those trade secret claims remains pending.

Notwithstanding these objections, RVT responds that RVT's eVF software has unmatched performance and accuracy in the industry. This superiority gives eVF an advantage over all competing products that do not embody RVT's intellectual property. RVT's superior performance is attributable, in part, to the algorithms and processes in its confidential source code as enumerated in RVT's Initial Disclosures. Because other competitors are unable to access and replicate these algorithms and processes (other than by misappropriation), they are not able to offer a product that matches eVF's superior performance.

RVT's investigation into the subject matter of this Interrogatory is ongoing, and RVT reserves the right to revise, correct, supplement, or clarify this response to the extent necessary as discovery in this case progresses.

INTERROGATORY NO. 7:

For each alleged trade secret you contend is relevant to the subject matter of this action, explain in detail the basis for any contention that the alleged trade secret is not readily ascertainable through proper means.

RVT incorporates its general objections by reference. Further, RVT objects to ABB propounding any Interrogatories related solely to RVT's trade secret claims while ABB's Motion to Dismiss those trade secret claims remains pending.

10

Notwithstanding these objections, RVT responds that RVT's trade secrets are embodied in its confidential source code, which is not publicly available. There is no lawful or proper means by which competitors can access any information about how eVF achieves the superior performance it achieves because source code, by its nature, cannot be observed by a user of the software. Even customers of eVF's product cannot access the source code underlying the eVF software. None of RVT's publications or customer manuals reveal the underlying source code algorithms or processes that gives eVF its superior performance. RVT's customers are contractually forbidden from attempting to extract or reverse-engineer RVT's source code.

RVT's investigation into the subject matter of this Interrogatory is ongoing, and RVT reserves the right to revise, correct, supplement, or clarify this response to the extent necessary as discovery in this case progresses.

INTERROGATORY NO. 8:

State when you first became aware that ABB had created a 3D computer vision product for robotic applications and describe all efforts that you undertook between that date and the filing of the Complaint in this action to investigate, learn about, understand, or otherwise become informed about ABB's 3D computer vision product for robotic applications and identify all documents upon which you may rely to corroborate those efforts.

RVT incorporates its general objections by reference. Further, RVT objects to ABB propounding any Interrogatories related solely to RVT's trade secret claims while ABB's Motion to Dismiss those trade secret claims remains pending.

Notwithstanding these objections, RVT became aware that ABB launched a competing computer vision product for robotic applications at a trade show in 2015. RVT attempted to learn more about this product, and learned that it was being marketed as "FlexVision." RVT did not have access to any further information about the product at that time, as such information is not

11