IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOTICVISIONTECH, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>ABB INC.,<br><br>                Defendant. | C.A. No: 22-cv-01257-GBW |

### [PROPOSED] SCHEDULING ORDER

This ____ day of _____ 2023, the Court, having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 5 days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, within 45 days of ABB filing its answer to the Complaint (D.I. 1). Unless otherwise ordered by the Court, any motion to join a party or

motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

    3.    <u>Disclosures</u>. On agreement among the parties, and approval of the Court:

    (a)    Plaintiff has identified the accused products, including accused methods and systems, and its damages model, as well as the asserted patents that the accused products allegedly infringe(s). Plaintiff has also produced the file history for each asserted patent. Plaintiff has also identified its alleged trade secrets with particularity. Within five days of this order, Plaintiff shall serve amended Rule 26(a) disclosure and paragraph 3(a) disclosures and Defendant shall serve Rule 26(a) disclosures and paragraph 3(a) disclosures.

    (b)    By **August 30, 2023**, Defendant shall produce core technical documents related to the accused products, sufficient to show how the accused products work, including but not limited to non-publicly available operation manuals, product literature, schematics, specifications, and source code. Defendant shall also produce sales figures for the accused products, including units sold, price per unit, and aftermarket sales service and support for domestic sales and global sales.

    (c)    By **November 8, 2023**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    (d)    By **December 15, 2023**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    (e)    By **June 5, 2024**, Plaintiff shall provide final infringement contentions.

    (f)    By **June 19, 2024**, Defendant shall provide final invalidity contentions.

4. <u>Discovery</u>. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

 (a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **July 5, 2024**.

 (b) <u>Document Production.</u> Document production shall be substantially complete by **May 17, 2024**.

 (c) <u>Requests for Admission.</u> A maximum of **50** requests for admission are permitted for each side, excluding requests establishing authenticity of documents.

 (d) <u>Interrogatories.</u>

  i. A maximum of **30** interrogatories, including contention interrogatories, are permitted for each side.

  ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

 (e) <u>Depositions</u>.

  i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination for fact witnesses. Any deposition (other than third-party depositions) that lasts for less than four hours shall count as four hours for the purposes of this paragraph.

  ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   (f) <u>Disclosure of Expert Testimony</u>.

     i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **August 2, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 30, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **September 20, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

     ii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

     iii. <u>Expert Discovery Cut-Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before **October 23, 2024**.

   (g) <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

     i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

4

      ii. Should counsel find, after good faith efforts - including verbal communications among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
>  The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
>  The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet- and-confer (in person and/or by telephone) on the following date(s): _____
>
>  Delaware Counsel: _____
>
>  Lead Counsel: _____
>
>  The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

      iii. On a date to be set by separate order, generally not less than 48 hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed 3 pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than 24 hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed 3 pages, outlining that party's reasons for its opposition.

      iv. Each party shall submit 2 courtesy copies of its discovery letter and any attachments.

      v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to

resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    5.    <u>Motions to Amend</u>.

        (a)    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 3 pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        (b)    Within 7 days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 5 pages.

        (c)    Within 3 days thereafter, the moving party may file a reply letter, not to exceed 2 pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    6.    <u>Motions to Strike</u>.

        (a)    Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 3 pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        (b)    Within 7 days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 5 pages.

        (c)    Within 3 days thereafter, the moving party may file a reply letter, not to exceed 2 pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

    7.    <u>Technology Tutorials</u>. Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue. In that regard, the parties shall jointly submit to the

Court an electronic tutorial of not more than 30 minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial. The parties may choose to file their tutorial under seal, subject to any protective order in effect.

8. <u>Claim Construction Issue Identification</u>. On or before **December 22, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). On or before **January 5, 2024**, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **January 12, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **February 2, 2024**. Defendant shall serve, but not file, its answering brief not to exceed 7,500 words, on **February 23, 2024**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **March 8, 2024**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **March 22, 2024**. No later than **March 29,**

**2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

    I.    Agreed-Upon Constructions

    II.    Disputed Constructions

        [TERM 1]
            1.    Plaintiff's Opening Position
            2.    Defendant's Answering Position
            3.    Plaintiff's Reply Position
            4.    Defendant's Sur-Reply Position

        [TERM 2]
            1.    Plaintiff's Opening Position
            2.    Defendant's Answering Position
            3.    Plaintiff's Reply Position
            4.    Defendant's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction</u>. Beginning at 9 a.m. on **April \_\_\_\_, 2024**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

    Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within 60 days of the conclusion of the claim construction hearing. If the

Court is unable to meet this goal, it will advise the parties no later than 60 days after the conclusion of the claim construction hearing.

11. <u>Interim Status Report.</u> On **June 21, 2024**, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

12. <u>Case Dispositive Motions</u>.

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 20, 2024**, [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than 10 days before the above date without leave of the Court.

(b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed 6 pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed 6 pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the

9

motion may also include with its opposing papers a separate concise statement, not to exceed 4 pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed 4 pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each SIDE will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each SIDE.[1]

(d) <u>Ranking of Summary Judgment Motions.</u> Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages (i.e.,* 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

13. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within 7 days of the filing of the sealed document.

11

16. <u>Courtesy Copies</u>. The parties shall provide to the Court 2 courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

17. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 3 pages of argument, may be opposed by a maximum of 3 pages of argument, and the side making the *in limine* request may add a maximum of 1 additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 3 page submission (and, if the moving party, a single 1 page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Pretrial Conference</u>. On **April 10, 2025**, the Court will hold a pretrial conference in Court with counsel beginning at 9 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than 7 days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court 2 courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms 7 business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

20. <u>Trial</u>. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on **April 21, 2025**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within 7 days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all SIDES are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

23. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

                                                            _____
                                                           The Honorable Gregory B. Williams
                                                           United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Plaintiff shall identify the accused products, damages model, asserted patents, and produce the file history for each asserted patent. Plaintiff shall also identify its alleged trade secrets with particularity. | Completed |
| Plaintiff shall serve amended Rule 26(a) disclosures & paragraph 3(a) disclosures, and Defendant shall serve Rule 26(a) disclosures & paragraph 3(a) disclosures. | Within 5 days from the entry of this Scheduling Order |
| Defendant produces core technical documents, including operation manuals, product literature, schematics, specifications, and source code. Defendant shall also produce sales figures for the accused products. | August 30, 2023 |
| Plaintiff shall produce an initial infringement contention claim chart. | November 8, 2023 |
| Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references | December 15, 2023 |
| Parties shall exchange a list of terms and their proposed claim constructions. | December 22, 2023 |
| Parties respond to claim constructions presented by the other side for which the party did not initially provide a construction. | January 5, 2024 |
| Meet and confer to prepare a Joint Claim Construction Chart | January 12, 2024 |
| Plaintiff shall serve opening claim construction brief | February 2, 2024 |
| Defendant shall serve answering claim construction brief | February 23, 2024 |
| Plaintiff shall serve reply claim construction brief. | March 8, 2024 |
| Defendant shall serve sur-reply claim construction brief | March 22, 2024 |
| Parties shall file Joint Claim Construction Brief. | March 29, 2024 |

| Event | Deadline |
|---|---|
| Hearing on Claim Construction | April 2024 |
| Deadline for joinder and amending pleadings | 45 days after Defendants answer complaint |
| Document production shall be substantially complete | May 17, 2024 |
| Final infringement contentions | June 5, 2024 |
| Final invalidity contentions | June 19, 2024 |
| Interim Status Report | June 21, 2024 |
| Close of fact discovery | July 5, 2024 |
| Opening Expert Reports. | August 2, 2024 |
| Rebuttal Expert Reports | August 30, 2024 |
| Reply expert reports | September 20, 2024 |
| Close of Expert Discovery | October 23, 2024 |
| Opening case dispositive motions | November 20, 2024 |
| Pretrial Conference | April 10, 2025 |
| Trial begins | April 21, 2025 |