IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOTICVISIONTECH, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ABB INC., <br><br> *Defendant.* | C.A. No: 22-1257-GBW |

## JOINT STATUS LETTER

Dear Judge Williams,

Pursuant to the Court's May 6, 2024 Order (D.I. 124), Plaintiff RoboticVISIONTech, Inc. ("RVT") and Defendant ABB Inc. ("ABB") hereby submit this joint letter regarding the schedule and procedure for limiting RVT's number of asserted claims and ABB's number of invalidity contentions. Despite meeting and conferring, the parties were not able to reach agreement on a modified case schedule and case-narrowing timeline. Accordingly, the parties' competing proposals are provided in the joint chart below.

### I.    RVT's Position

As a preliminary matter, RVT filed a new complaint against ABB in the District of Delaware on May 16, 2024. *See* C.A. No. 24-589. This complaint asserts the same patents-at-issue in the present case against ABB Inc. and its parent company ABB Ltd. It specifically accuses ABB machine-vision products that the Court recently found to fall outside the scope of the present case. *See* D.I. 124 at 2-3. RVT intends to move to consolidate these two cases, since there is significant overlap in subject matter and parties. Should the Court consolidate the cases, the present scheduling order dispute will be moot, as an entirely new scheduling order will be needed. To the extent the Court wishes to enter a revised scheduling order in this case, RVT submits its proposal below in compliance with the Court's order.

RVT understands that ABB's proposed schedule is based on the Federal Circuit's model case-narrowing schedule. RVT's counter-position is that while the generic model schedule can be a helpful guide, the proposed dates entered here should reflect the particular facts and circumstances of this case and the current status of discovery. RVT's proposed schedule does so, while ABB's schedule does not.

First, RVT should not be required to submit final infringement contentions before ABB produces its accused robot for inspection. RVT first requested inspections of several of ABB's products on April 3, 2024. *See* D.I. 103. These inspections are essential to confirming that ABB's robots actually practice the patented methods in operation (as the FlexVision source code

1

and product manual indicates). RVT will incorporate evidence gathered from these inspections into its final infringement contentions. ABB has represented that it will take considerable time to prepare for the inspection—beyond the six weeks it has already taken—and has not committed to a date certain. RVT's current case schedule provides for the time ABB needs to produce its product for inspection, and it precipitates the other dates and milestones from the date of final contentions. *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011) (noting that a claim selection order should not "deny[] the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement …in light of the *defendants' accused products* and proposed defense") (emphasis added).

Second, it is not prudent for either side to narrow the case significantly prior to receiving a *Markman* order. RVT's proposed schedule accounts for the timing of claim construction and the important role it will have on narrowing issues and streamlining issues for expert discovery, by timing certain dates off the issuance of the *Markman* Order. ABB has also timed deadlines off of the *Markman* Order, and therefore does not appear to disagree in principle. Despite its nominal position that the *Markman* order is not relevant, ABB's proposed schedule differs only by *how much* RVT should have to narrow its case before and after the *Markman* order, and not whether the *Markman* Order is an informative milestone.

Finally, ABB's proposed schedule violates the Court's Order by not limiting the number of prior-art grounds/combinations. *See* D.I. 124 at 11-12 (requiring a schedule and procedure for limiting "ABB's number of invalidity contentions, including the number of prior-art references *and obviousness combinations*") (emphasis added). ABB's resulting proposed schedule is therefore prejudicially asymmetric by holding RVT to the Court's Order but not itself. The Court should therefore adopt RVT's proposed schedule for the present case, to the extent the Court deems the issue not moot.

## II.     ABB's Position

This Court's Order requires RVT to reduce the number of asserted claims. RVT wants to delay doing so. In fact, RVT wants to keep all 82 asserted claims in this case for more than a month while it continues to take fact discovery, thus continuing to burden ABB with an oppressive number of asserted claims. The District of Delaware has ordered reductions of claims before the claim construction process starts—well before the *Markman* Order issues. *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, D.I. 105 at 35:2-14 (D. Del. Sept. 6, 2011) (ordering selection of 20 claims from 350 asserted claims by no more than 3 weeks before claim construction and indicating that a further reduction would be needed "later in the case"); *see also Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 900-03 (Fed. Cir. 2011) (affirming district court's order reducing claims from 629 claims to 15 claims before claim construction). Waiting for the *Markman* order is unnecessary as the parties have joined issue on claim construction. ABB's proposal will reduce the burdens on both parties, and, for the most part, tracks the Federal Circuit model order regarding the reduction in claims that this Court has adopted on other occasions. RVT's proposal does not appear to be based on any model or prior case.

And, ABB's proposal will allow the Court to maintain the current trial date. RVT's proposal jettisons the scheduled trial date. RVT's proposal seeks to manipulate the schedule to its benefit—and to prejudice ABB. Just minutes before RVT's sent its proposal for reducing claims to ABB's counsel in advance of a meet and confer on the issues raised in this letter, RVT

provided ABB's counsel with a new Complaint that lists both ABB Inc. and its ultimate parent corporation—ABB Ltd.—as defendants. The Complaint and its exhibits total over 1500 pages and accuse most of the same products RVT tried to back-door into the present case through the discovery process. RVT's new complaint scoffs at this Court's order requiring a reduction of claims by asserting the same 82 claims across the same 3 patents that are at issue in this case. RVT made no effort to try to reduce the number of asserted claims. Now, RVT seeks to delay the scheduled trial so that it can better position this case for consolidation. There almost certainly will be motion practice over RVT's new complaint. For instance, once again, all RVT can muster as to certain asserted claims is the aspirational, fact-barren allegation that discovery will provide RVT with a viable infringement theory. And, the newest complaint is merely a collateral attack on this Court's recent orders because by it, RVT seeks to delay selecting claims, continue to assert 82 claims against ABB, and to add products to the very case that this Court just ruled were not part of that case. Moreover, the parties are not the same as between cases and RVT has yet to serve ABB Ltd. with the new complaint. Thus, the parties to the new complaint will address the consolidation issue at the appropriate time.

RVT's attempt to tie its ability to select claims to assert to its ability to inspect a working robot with FlexVision is a non-starter. RVT has had ABB source code for many months now. ABB has substantially completed its production of documents. RVT only recently asked ABB to inspect a FlexVision system on April 3. If an inspection of FlexVision was essential for RVT to select asserted claims, one would think that RVT would have asked to inspect a FlexVision system far sooner in this case. That it did not shows that the inspection request is pretense for indefinitely delaying trial in this action and to extend the schedule longer than needed to allow for the orderly reduction of asserted claims and prior art.

In addition to unnecessarily delaying its selection of asserted claims until after the *Markman* Order issues, there are other issues with RVT's proposal:

- RVT uses the term "grounds" instead of "references" thus seeking to narrow ABB's case in a restrictive manner while continuing to maintain 40 asserted claims. By the strategic selection of claims of varying scope and subject matter, RVT could deprive ABB of some of its best invalidity positions. ABB's proposal reduces the number of references, giving it the flexibility to address arguments using combinations of prior art. ABB's proposal is consistent with the Court's order since a reduction in the number of references per patent necessarily also reduces the number of prior art "combinations." Thus, ABB's proposal does not "violate" the Court's order.

- RVT wants to maintain 40 asserted claims even after the *Markman* order issues. This is overly burdensome on ABB for the reasons set forth in ABB's motion seeking a reasonable reduction in asserted claims. *See* D.I. 80.

- The parties agree that there should be a second reduction in claims and prior art invalidity theories. But RVT would limit ABB's prior art to "7 prior art references" across a possible 3 asserted patents, which presumptively cover different subject matter. RVT's position puts ABB at a significant tactical disadvantage because it may only be able to use 2 references per patent for 2 of the three patents. Such a limited number of prior art references puts ABB at a significant strategic disadvantage and should not be ordered.

3

III. *Joint Case-Schedule Chart*

| Event | RVT Proposed Date | ABB Proposed Date | Current Deadline |
|---|---|---|---|
| RVT amends its initial disclosures to identify additional custodians per the Court's order | | 5/25/24 | |
| RVT amends its infringement contentions per the Court's order to include citation to source code | 6/7/24 | 6/7/24<br><br>(ABB proposal: RVT also reduces to 32 asserted claims with no more than 12 per patent) | 6/7/24 |
| RVT produces documents from its additional custodians per the Court's order | | 6/7/24 | |
| ABB reduces prior art references to 40 with no more than 12 per patent (assuming RVT reduces claims on 6/7) | N/A | 6/14/24 | |
| RVT narrows asserted claims | 14 days after issuance of *Markman* Order RVT narrows claims to no more than 40 claims | 14 days after issuance of *Markman* Order RVT narrows claims to 15 with no more than 5 per patent | |
| ABB narrows prior art | 2 weeks after RVT narrows claims ABB narrows to no more than 40 prior art grounds/combinations | 2 weeks after RVT narrows claims, ABB reduces the number of prior art references to 18 with no more than 6 per patent | |
| Deadline for ABB to provide RVT with first opportunity to inspect FlexVision + robot | 6/14/2024 | | |

4

| Event | RVT Proposed Date | ABB Proposed Date | Current Deadline |
|---|---|---|---|
| Final Infringement Contentions | 8/5/2024 | 7/5/24 | 6/5/24 |
| Final Invalidity Contentions | 8/19/2024 | 7/19/24 | 6/19/24 |
| Close of Fact Discovery | 9/6/2024 | 8/2/24 | 7/5/24 |
| RVT narrows asserted claims to no more than 20 claims | 9/13/2024 | N/A | |
| ABB narrows prior art grounds to no more than 20 grounds with no more than 7 prior art references total | 9/20/2024 | N/A | |
| Opening Expert Reports | 10/2/24 | 8/23/24 | 8/2/24 |
| Rebuttal Expert Reports | 11/1/24 | 9/23/24 | 8/30/24 |
| Reply Expert Reports | 11/22/24 | 10/14/24 | 9/20/24 |
| Close of Expert Discovery | 12/22/24 | 11/8/24 | 10/23/24 |
| Opening MSJs and Daubert Motions | 1/30/24 | 12/2/24 | 11/20/24 |
| RVT narrows the number of claims to those that will be tried | 6 weeks before trial | | |
| ABB narrows the number of prior art references and grounds to those that will be tried, should ABB expect to present an invalidity case at trial | 4 weeks before trial | | |

5

| Event | RVT Proposed Date | ABB Proposed Date | Current Deadline |
|---|---|---|---|
| Pretrial Conference | Subject to the Court's availability | 4/10/25 | 4/10/25 |
| Trial | Subject to the Court's availability | 4/21/25 | 4/21/25 |

Respectfully submitted,

| | |
|---|---|
| /s/ Nathan R. Hoeschen<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Nathan R. Hoeschen (No. 6232)<br>Emily S. DiBenedetto (No. 6779)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br>edibenedetto@shawkeller.com<br><br>*Attorneys for Plaintiff*<br>*Of Counsel:*<br><br>J.C. Rozendaal<br>Michael E. Joffre<br>William H. Milliken<br>Kristina Caggiano Kelly<br>Anna G. Phillips<br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br>1101 K Street, NW<br>10th Floor<br>Washington, DC 20005<br>(202) 371-2600<br><br>*Counsel for Plaintiff RoboticVISIONTech, Inc.* | /s/ Benjamin J. Schladweiler<br>Benjamin J. Schladweiler (#4601)<br>GREENBERG TRAURIG, LLP<br>222 Delaware Ave., Suite 1600<br>Wilmington, DE 19801<br>Phone: (302) 661-7000<br>Fax: (302) 661-7360<br>Email: schladweilerb@gtlaw.com<br><br>*Of Counsel:*<br><br>Gregory S. Bombard, Esq.<br>GREENBERG TRAURIG, LLP<br>One International Place<br>Boston, MA 02110<br>Phone: (617) 310-6027<br>Fax: (617) 310-6001<br>Email: gregory.bombard@gtlaw.com<br><br>Andrew Sommer, Esq.<br>GREENBERG TRAURIG, LLP<br>1750 Tysons Boulevard<br>Suite 1000<br>McLean, VA 22102<br>Tel: (703) 749-1370<br>Fax: (703) 749-1301<br>Email: sommera@gtlaw.com<br><br>*Counsel for Defendant ABB Inc.* |

Cc: All Counsel of Record via CM/ECF