# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

**SCHEDULE A**
**DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for Production.

1.      The term "You," or "Your" means Manuel (Manny) Mencia and any entity that you own or control that has a financial interest in RVT or this Action (as defined below).

2.      The term "ABB" means ABB Inc.

3.      The term "RVT" means RoboticVISIONTech, Inc., and includes any and all of its parents, subsidiaries, divisions, branches, affiliates, predecessors, or successors, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation, any agents, employees, officers, directors, and attorneys of any of the foregoing. References to "RVT" should be understood to include Braintech Inc.

4.      The term "person," as used herein, includes any natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, governmental entity, or other business, governmental, or public entity.

5.      The term "Patents-in-Suit" means U.S. Patent Nos. 6,816,755 (the "'755 patent"), 7,336,814 (the "'814 patent"), and 8,095,237 (the "'237 patent") and any other United States patent that is hereafter asserted in this action.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including without limitation, electronic or computerized data compilations or other electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The term "this Action" means *RoboticVISIONTech, Inc. v. ABB Inc*., C.A. No. 22-1257-GBW (D. Del.).

8.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.     Any term not specifically defined herein shall be defined in accordance with normal usage as well as with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

10.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to interrogatories and definitions containing those words.

11.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

12.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

13.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

14.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

## **INSTRUCTIONS FOR DOCUMENT REQUESTS**

1.      ABB's Requests for Production seek responsive documents and information sufficient to answer each of the Requests that are known or available to you or in your possession, custody, or control. If, after exercising due diligence to secure the documents or information requested, You cannot fully respond to a Request for Production, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information. If documents or information responsive to a Request in this subpoena are in Your control, but not in Your possession or custody, promptly identify the entity with possession or custody.

2.      Regardless of whether a production is in electronic or paper format, documents that were maintained together before production should be produced in the same form, sequence, organization, or other order or layout as they were maintained, including any labels, file folders, file jackets, covers, or containers in which such documents are located or with which such documents are associated. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

3.      These Requests for Production shall be deemed continuing. Documents located, and information learned or acquired, at any time after Your response is due must be promptly supplemented at the place specified in this subpoena.

4.      A copy of the Protective Order entered in this Action for the protection of any requested proprietary, confidential, or commercially sensitive information is attached hereto as Exhibit 1.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Documents or communications to or from RVT or anyone acting on RVT's behalf.

2.      Documents or communications about this Action.

3.      Documents or communications about RVT's alleged copyrights.

4.      Documents or communications about the Patents-in-Suit.

5.      Documents or communications about ABB.

6.      Documents or communications about RVT's alleged trade secrets.

7.      Documents or communications about eVisionFactory (eVF).

8.      Documents or communications about FlexVision.

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROBOTICVISIONTECH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABB INC.,<br><br>Defendant. | C.A. No: 22-cv-01257-GBW |

## STIPULATED PROTECTIVE ORDER

Plaintiff RoboticVISIONTech, Inc. ("RVT") and Defendant ABB Inc. ("ABB") possess confidential information in the form of trade secrets or other confidential and proprietary business, research, development, financial, personal, or technical information related to the subject matter of this litigation (the Action). The parties recognize that it may be necessary to disclose some of this confidential information during the Action. As a result, the parties desire to limit the disclosure and prevent the use of such information for any purposes other than the prosecution and defense of the Action. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the request for, and entry of, the following Protective Order ("Order").

1.     **SCOPE**

(a)      This Order governs all Protected Material, including information designated as "Confidential Material," "Highly Confidential—Attorneys' Eyes Only," and "Confidential Source Code—Attorneys' Eyes Only."

(i)      "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial

statements in this Action), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that the Designating Party reasonably believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations. Confidential Material includes, but is not limited to, trade secrets (as defined in the Uniform Trade Secrets Act); other confidential research, development, or commercial information; all information that, if disclosed, could result in competitive, commercial, or business harm; and any person's personal identifying information, financial information, medical or insurance information, or other information that is private under applicable laws or regulations.

(ii)     "Highly Confidential—Attorneys' Eyes Only" means Protected Material that is extremely sensitive in nature such that its disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information or items may include, without limitation, information concerning research, development and other activities related to unreleased products, trade secrets, or other highly-confidential research, development, technical, or commercial information.

(iii)    "Confidential Source Code—Attorneys' Eyes Only" means Protected Material that comprises or includes confidential, proprietary, or trade secret Source Code, as detailed herein. "Source Code" shall mean source code (*i.e.*, computer instructions and data definitions expressed in a human-readable form), as well as any programmer notes, annotations, files, and

2

other comments of any type describing, explaining, or accompanying the code.

(b)      This Order is binding upon all current and future parties in this Action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all signatories to Exhibit A, and all other persons or entities authorized under this Order or any other order of this Court to receive or view Protected Material.

(c)      The entry of this Order does not preclude any party in this Action from seeking a further order of this Court, including modification of this Order, or from objecting to discovery that the party believes to be improper.

(d)      Nothing herein shall be construed as an admission or concession by a Designating Party that any Protected Material constitutes relevant, material, or admissible evidence in this matter.

## 2.    DESIGNATION OF PROTECTED MATERIAL; FAILURE TO MAKE DESIGNATIONS

(a)      *Documents Produced in Image, PDF, or Hardcopy Form ("Image").*

The Designating Party shall place on each page the following legend: SUBJECT TO PROTECTIVE ORDER. The legend shall not obscure any content of the original document. Any person making a copy of the Image, if authorized under this Order, shall ensure that the same legend shows on the copy.

(b)      *Documents Produced in Native Format ("Native File") other than source code.* A Designating Party shall rename each Native File to include, at the end of the file name and prior to the file extension, the following language: PROTECTED. This does not apply to source code

3

files. Any person making any copy of the Native File, if authorized under this Order, shall not rename the file.

    (c)    *Deposition Testimony and Exhibits*

        (i)    Following any deposition and for 7 days after the parties' counsel have received from the court reporter a final copy of a deposition transcript, all testimony, transcripts, and exhibits shall constitute Highly Confidential—Attorneys' Eyes Only Material. Thereafter, only the transcript, or portions of transcripts, or exhibits designated by a party as Protected Material shall remain subject to this Order. No further actions need to be taken regarding any exhibit previously designated as Protected Material.

        (ii)    Protected Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Protected Material is disclosed.

        (iii)    Deposition transcript or exhibit pages containing Protected Material shall be separately bound by the court reporter, who must affix to the top of each page the legend "SUBJECT TO PROTECTIVE ORDER."

    (d)    *Pleadings, Motion Papers, and Written Discovery Papers.* A party may designate as Protected Material portions of pleadings, motion papers (written motions, affidavits or declarations, and briefs), and written discovery papers (requests and responses).

    (e)    *Other Protected Material.* For Protected Material in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "SUBJECT TO

4

PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN *ROBOTICVISIONTECH, INC. V. ABB INC., NO. 1:22-CV-01257 (GBW) (D. DEL.).*" If feasible, the legend shall identify the portions constituting Protected Material.

      (f)     *Protected Material Disclosed by a Non-Party*

      (i)     For 30 days after a non-party makes disclosures in this Action, the entire disclosure shall be treated as Highly Confidential—Attorneys' Eyes Only material under this Order.

      (ii)     Within the 30-day period, the non-party or a party in this Action may notify all other parties that all or specific portions of the disclosure are Protected Material. Thereafter, the designated portions shall remain subject to this Order.

      (iii)     In the event that a party is required to produce a non-party's Protected Material in its possession (other than information produced in this Action by a non-party) and the party is subject to an agreement with the non-party not to produce the non-party's Protected Information, the party shall:

      (a)     promptly provide the non-party with a copy of this Order, the Scheduling Order or relevant discovery requests, and a reasonably specific description of the information requested; and

      (b)     make the information requested available for inspection by the non-party.

      (iv)     If the non-party fails to seek a protective order from the Court within 14 days of receiving the notice and accompanying information, the party may produce the non-party's Protected Material responsive to the discovery request. If the non-party timely seeks a protective order, the party shall not

produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.

(g)     *Disclosure of Protected Material Without Confidential Designation*

(i)     Disclosure of Protected Material without the required confidentiality designation shall not be a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific Protected Material disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

(ii)    After discovering a failure to make a confidentiality designation, the Disclosing Party may give written notice that the material is Protected Material. Receiving Parties then shall treat the material as confidential until the parties agree otherwise or the Court resolves the issue. The Disclosing Party may reproduce the material with the appropriate confidentiality legend, and each Receiving Party then shall return or destroy all copies of the identified material, including that held by persons to whom the party distributed the material.

## 3.     REQUIRED HANDLING OF PROTECTED MATERIAL

(a)     Protected Material shall not be disclosed to anyone for any purpose other than as necessary to support or defend against the claims or defenses in this Action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below. Protected Material shall not be used for any business, competitive, or other non-litigation purpose.

(b)      Each Party and its counsel, and each Qualified Person identified in Paragraph 4 (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Protected Material to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Protected Material is stored or through which it is transmitted.

(c)      If Protected Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Protected Material, each party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Protected l Material disclosed.

(d)      Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Protected Material to any person for any purpose.

(e)      Nothing in this Order shall restrict in any way the use or disclosure of discovery material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed, or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

4.   **QUALIFIED PERSONS WITH RESPECT TO PROTECTED MATERIAL**

(a)  ACCESS TO CONFIDENTIAL MATERIAL

Subject to Paragraph 3 above, material marked as "Confidential Material" may be disclosed only to the following Qualified Persons:

(i)      Individuals who are permitted to receive information designated as "Highly Confidential—Attorneys' Eyes Only"; and

(ii)     No more than two (2) in-house counsel who are not involved in competitive decision making and whom it is reasonably necessary to disclose the material to in order to effectively litigate this matter. Each party shall notify the other of the identity of the in-house counsel five (5) days prior to providing access to those identified individuals to give the other party time to object, although consent shall not unreasonably be withheld. If any objection is raised, the identified in-house counsel shall not gain access to the material until that objection is resolved by the parties or the Court.

(b)  ACCESS TO HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY AND CONFIDENTIAL SOURCE CODE—ATTORNEYS' EYES ONLY MATERIAL

Subject to Paragraph 3 above, material marked as "Highly Confidential—Attorneys' Eyes Only" and "Confidential Source Code—Attorneys' Eyes Only" may be disclosed only to the following Qualified Persons:

(i)      The parties' outside counsel of record in the Action, including counsel's partners, employees, and agents assisting in the Action;

(ii)     Professional litigation support vendors who are under a duty of confidentiality, including, but not limited to, outside copy services, graphics support, translators, interpreters, discovery hosting, jury consultants, and mock jurors;

provided, however, that mock jurors may access Protected Material only after signing a copy of Exhibit A;

(iii)    Consultants (*i.e.*, experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for the trial of the Action, whether or not designated as a testifying expert) assisting in the Action, and their clerical or support staff who are under a duty of confidentiality, but only if (1) the consultant has been pre-approved according to Paragraph 8 and (2) the consultant has first signed a copy of Exhibit A;

(iv)    A witness designated to testify on a party's behalf at a deposition or pre-trial hearing pursuant to Rule 30(b)(6), but only with respect to Protected Material produced by the party designating that witness. This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any witness or from seeking amendment of this provision in the future;

(v)    A person identified in the material as an author, source, addressee, or recipient of the material or who already has a lawfully acquired copy of it or, in the case of a witness at deposition, a person who is reasonably believed to be an author

of the Protected Material or who, based on their deposition testimony, reasonably appears to have knowledge relating thereto;

(vi)     Any other person mutually agreed upon among the Parties, but only if that person has signed a copy of Exhibit A;

(vii)    Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

(viii)   The Court or any Court personnel, including any court reporters or videographers.

## 5.     ADDITIONAL PROTECTIONS GOVERNING CONFIDENTIAL SOURCE CODE—ATTORNEYS' EYES ONLY MATERIAL[1]

The parties' use of, handling, and access to Confidential Source Code—Attorneys' Eyes Only is subject to the following limitations detailed herein.

(a)          Unless otherwise agreed in advance by the parties, any source code designated as Confidential Source Code – Attorneys' Eyes Only shall be made available for inspection at the offices of the Producing Party's outside counsel in the form that it is maintained in the ordinary course of business, i.e., in a source code repository, version control system, or similar form. The Producing Party shall provide the source code review tools listed in the addendum to this agreement, and other reasonable software if requested by the Receiving Party with sufficient notice and the request is not unduly burdensome. The Receiving Party may provide its own source code for comparison purposes, and may load that source code onto the same computer that the Producing

---

[1] The parties are stipulating to this protective order before they have had an opportunity to inspect the other party's source code. Each party reserves the right to propose modifications and/or seek further relief from the Court in the event that any agreed-upon terms of this section of the Protective Order prove to be unworkable, insufficient, or unduly prejudicial upon review of the other party's source code.  Each party reserves the right to challenge any such modification.

Party's source code is provided on during the inspection, and may thereafter delete that source code from the Producing Party's source code computer. If the Receiving Party provides its own source code for comparison purposes, the Receiving Party's source code must be provided to the Producing Party at least one business day in advance of the inspection.

(b)     The Receiving Party shall provide five (5) business days' notice prior to commencing its initial inspection and said notice shall identify all persons who will review the Producing Party's source code on behalf of the Receiving Party, including members of a Receiving Party's outside counsel. The Receiving Party shall conduct any inspection during regular business hours (9:30 a.m. to 5:00 p.m. local time). However, to the extent access is necessary outside of normal business hours, the parties agree to cooperate in good faith and make reasonable efforts to accommodate reasonable requests for access outside of normal business hours.

(c)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes (either handwritten or on a non-networked computer) relating to the source code but may not copy entire lines or commands of the source code into the notes. Notes taken on a computer may be printed at the conclusion of the inspection. The Receiving Party may not bring outside electronic devices that are Internet or WiFi capable in the source code review room. No copies or images of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Any such notes, copies, or printouts reflecting information that is designated Confidential Source Code – Attorneys' Eyes Only must be marked with the appropriate designation.

(d)     The machines storing the source code for inspection are not to be connected to the Internet or any network by any Qualified Person reviewing the source code. Each party will include on the machine sufficient tools to evaluate and review the source code after consultation with the other party. Each local source-code machine shall be attached to a printer. Alternatively,

the Receiving Party may request that the Producing Party print pages of source code as pdfs. Such pdfs may thereafter be printed onto paper. The Receiving Party may print up to 200 pages of source code for use in the Action. The Receiving Party may request more pages if good cause exists for the additional pages and the request shall not be unreasonably withheld. The Receiving Party's source code printouts shall not exceed 50 contiguous pages. All printed source code shall be subject to the use and disclosure provisions of this Order. Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "Confidential Source Code – Attorneys' Eyes Only" any pages printed by the Receiving Party. Within five (5) business days at the end of the inspection session, the Producing Party shall either (i) send up to four (4) sets of such pages to the Receiving Party for next business day delivery, or (ii) inform the Receiving Party that it objects that the printed portions are excessive, not timely, and/or not done for a permitted purpose. Any such objection shall be resolved in the manner indicated below in paragraph 5(f).

(e)      All notes related to source code inspections shall be subject to the use and disclosure provisions of this Order and will not be subject to review and not used to recreate the producing party's source code for use outside the source code inspection.

(f)      The Producing Party shall have five (5) business days in which to object in writing as to the extent, relevance, or timeliness of the requested printouts. If no such objection is made, the Producing Party shall produce a copy of the printouts to the Receiving Party pursuant to the terms above. If objection is made, the parties shall meet and confer within five (5) business days in a good faith attempt to resolve the objection. If the objection is not resolved, the Producing Party shall have ten (10) business days after the expiration of the meet and confer period in which to file a motion for relief from production of the printouts that are the subject of the objection. The

printouts shall be retained by the Producing Party and not produced, pending the Court's resolution of the motion.

(g)     The Receiving Party's outside counsel and any person allowed to receive a copy of any source code under this order shall maintain and store any copies of the source code at the offices of the Receiving Party's outside counsel or retained expert authorized under this order in a manner that prevents unauthorized access to the source code.

(h)     To the extent the Receiving Party obtains printouts of source code, the Receiving Party may use such printouts in preparation for trial, court filings, depositions, discovery, and expert reports without need for further agreement of the Producing Party or further order of the Court. All court filings containing source code will be made under seal and the Receiving Party will give the Producing Party an opportunity to redact the source code from any public version of the court filing. The Receiving Party will also refrain from sending any documents containing Confidential Source Code—Attorneys' Eyes Only electronically (including via email) unless the document is sent using password protection and copies of the electronic transmission are deleted within five (5) days of receipt.

## 6.     CHALLENGES TO DESIGNATIONS

(a)     If a party challenges a confidentiality designation, the challenged material shall be treated as Protected Material until the parties agree otherwise in writing or this Court issues an order that the material is not confidential.

(b)     To challenge confidentiality designations, a party shall identify in writing the specific Protected Material (by production number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Designating Party shall have three business days to state in writing whether the designations will be maintained or withdrawn. If the parties cannot resolve all disputes after meeting and

13

conferring, the objecting party must raise the dispute with the Court within five business days of the conclusion of the meet and confer. The Designating Party shall have the burden of justifying the appropriate designation. The discovery material in questions shall continue to be treated as designated under this Protective Order until the Designating Party withdraws its objection, or the Court rules that the discovery material in question is not entitled to the designation.

(c)     No party to this Action shall be obligated to challenge the propriety of any designation by any Designating Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

## 7.    USE OF PROTECTED MATERIAL IN COURT PRIOR TO TRIAL

(a)     No party may file with the Court Protected Material of any other party, except when required for motions or other pending matters in the Action.

(b)     The Party seeking to file Protected Material shall redact, to the extent possible, such Protected Material from the publicly available version of any filing and seek the Court's leave to file the un-redacted copy of such filing under seal, consistent with applicable Court requirements.

## 8.    APPROVAL TO ACCESS PROTECTED MATERIAL

Prior to disclosing Protected Material to any outside experts or consultants, the expert or consultant shall read this Order, and the party seeking to disclose such information shall provide written notice to the Producing Party that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae; (iv) a list of current and past consulting relationships undertaken within the last four (4) years (including an identification of each entity consulted, dates of the beginning and end of the consultancy, and identification of any

14

litigation matters in which the consultant or expert has testified, by way of expert report, deposition, or testimony at a hearing or trial), but excluding legal consulting roles, the existence of which are protected from disclosure under the attorney work-product doctrine; and (v) a signed copy of Exhibit A. Within 5 days of receiving this information, the Producing Party may, in good faith, object in writing to its disclosure to the proposed expert or consultant for good cause. In the absence of any objection at the end of the 5-day period, the expert or consultant shall be deemed approved under this Order. There shall be no disclosure of Protected Material to the disclosed expert or consultant prior to the expiration of this 5-day period. If an objection is made, the parties shall meet and confer within 4 days after the objection and attempt in good faith to resolve the dispute informally, and if the dispute cannot be resolved, the objecting party shall file a motion with the Court within 14 days after the objection. Protected Material shall not be disclosed to the expert or consultant until the objection is resolved or if no motion is filed within the 14-day period. To the extent the outside expert or consultant is or may be a non-testifying expert consulted by counsel, no party will be deemed to have waived privilege by disclosing the name of a non-testifying expert to whom counsel intends to show Protected Material. No non-testifying expert disclosed pursuant to this Paragraph will be subject to deposition or subpoena as a witness based solely on the fact that they were the subject of such disclosure.

## 9. ACCESS TO INFORMATION BY DR. REMUS BOCA AND MR. RICK WEIDINGER

(a)     Notwithstanding anything herein, Dr. Remus Boca will be permitted to access the following materials: (1) interrogatory responses or disclosures by RVT that identify the trade secrets claimed by RVT and any documents cited therein, and (2) interrogatory responses or disclosures by RVT that identify the alleged acts of misappropriation of RVT's trade secrets by ABB and any documents cited therein. ABB will notify RVT of any confidential material that it

intends to share with Dr. Boca at least five days prior to disclosure to give RVT time to object, although consent shall not unreasonably be withheld. Dr. Boca's access to information pursuant to this section will be for the sole purpose of assisting ABB's counsel in litigating the claims asserted in this case. Dr. Boca will only be provided access to protected material in hard copy from and under the live supervision of ABB's counsel. Dr. Boca will not be permitted to retain photographs, copies, notes, or other derivatives of any information provided to him pursuant to this section.

(b)      Notwithstanding anything herein, Mr. Rick Weidinger will be permitted to access the following materials: (1) interrogatory responses, disclosures, and/or testimony—excluding confidential source code—concerning Dr. Boca's alleged use or disclosure of RVT information and any documents cited therein, and (2) interrogatory responses or disclosures by ABB that identify counterfactual allegations against RVT in connection with ABB's defenses and counterclaims and any documents cited therein.[2] RVT will notify ABB of any confidential material that it intends to share with Mr. Weidinger at least five days prior to disclosure to give ABB time to object, although consent shall not unreasonably be withheld. Mr. Weidinger's access to information pursuant to this section will be for the sole purpose of assisting RVT's counsel in litigating the claims asserted in this case. Mr. Weidinger will only be provided access to protected material in hard copy form and under the live supervision of RVT's counsel. Mr. Weidinger will not be permitted to retain photographs, copies, notes, or other derivatives of any information provided to him pursuant to this section.

---

[2] The parties are stipulating to this protective order before ABB has filed its Answer, affirmative defenses and/or counterclaims. RVT reserves the right to propose modifications to Section 9(b)(2) once the revelation of ABB's defenses and counterclaims make further specificity possible.

**10.    ORDERS, SUBPOENAS, OR REQUESTS FROM NON-PARTIES**

If a non-party person or entity serves a party in this Action with a request, subpoena, or order for disclosure of Protected Material of a Designating Party, the party receiving the demand, if not prohibited under applicable law and within 48 hours of receipt, shall deliver a copy of the demand to the Designating Party's counsel. The party shall not disclose any Protected Material prior to the date specified for disclosure. In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the Designating Party's actions.

**11.    PROSECUTION BAR**

(a)    Absent the written consent of the Producing Party, any person who receives technical information designated "Highly Confidential Material – Attorneys' Eyes Only" or "Confidential Source Code—Attorneys' Eyes Only" shall not be personally involved in prosecuting and/or amending patent applications, specifications, claims, and/or responses to office actions, directed to 3D vision applications for robotics before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions do not extend to retained expert witnesses. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a party challenging the validity of any patent, and are not intended to preclude counsel from participating directly or indirectly in reexamination, *inter partes* review, covered business method review, or reissue proceedings on behalf of a party, so long as the designated confidential information is not used for any purpose in those proceedings.

(b)    The prohibitions shall begin when the affected individual accesses any "Highly Confidential Material – Attorneys' Eyes Only" or "Confidential Source Code—Attorneys' Eyes Only" material in this action and shall end two (2) years after the final resolution of this action, including all appeals.

17

## 12. DISPOSITION OF PROTECTED MATERIAL

(a)  After final disposition of any appeals or after the time for filing any appeal has passed, each party in the Action promptly shall return to the Designating Party its Protected Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Protected Material), shall destroy it, or otherwise shall comply with an applicable order of the Court. Within 30 days of any such action, the party shall certify in writing to the Designating Party that the required return or destruction has been completed.

(b)  As exceptions to the above requirements:

(i)  Outside counsel of record in the Action may retain Protected Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document management systems. Counsel shall continue to treat all such materials as Protected Material pursuant to the requirements of this Order.

(ii)  If Protected Material stored on backup media is restored, the Receiving Party or its agent must promptly return or destroy the restored Protected Material and provide the certification required in Paragraph 12(a) above. This Order shall continue to apply to any such materials retained by counsel.

## 13. ORDER SURVIVES TERMINATION OF ACTION

This Order constitutes an enforceable agreement between the Parties, their agents, and their attorneys and shall be binding after termination of this Action. To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of Protected Material.

## 14. OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| */s/ John W. Shaw* | */s/ Benjamin J. Schladweiler* |
| John W. Shaw (#3362) | Benjamin J. Schladweiler (#4601) |
| Andrew E. Russell (#5382) | GREENBERG TRAURIG, LLP |
| SHAW KELLER LLP | 222 Delaware Ave., Suite 1600 |
| I.M. Pei Building | Wilmington, DE 19801 |
| 1105 North Market Street, 12th Floor | (302) 661-7000 |
| Wilmington, DE 19801 | schladweilerb@gtlaw.com |
| (302) 298-0700 | |
| jshaw@shawkeller.com | |
| arussell@shawkeller.com | *Of Counsel:* |
| | |
| *Of Counsel:* | Gregory S. Bombard, Esq. |
| | GREENBERG TRAURIG, LLP |
| J.C. Rozendaal | One International Place |
| Michael E. Joffre | Boston, MA 02110 |
| William H. Milliken | (617) 310-6027 |
| Kristina Caggiano Kelly | gregory.bombard@gtlaw.com |
| Anna G. Phillips | |
| William Rodenberg | Andrew Sommer, Esq. |
| STERNE, KESSLER, GOLDSTEIN & FOX PLLC | GREENBERG TRAURIG, LLP |
| 1100 New York Ave, NW | 1750 Tysons Boulevard |
| Suite 600 | Suite 1000 |
| Washington, DC 20005 | McLean, VA 22102 |
| (202) 371-2600 | (703) 749-1370 |
| | sommera@gtlaw.com |
| | |
| *Counsel for Plaintiff RoboticVISIONTech, Inc.* | *Counsel for Defendant ABB Inc.* |

Date: June 22, 2023

SO ORDERED this_____day of June, 2023.

_____
United States District Judge Gregory B. Williams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBOTICVISIONTECH, INC.,

        Plaintiff,

      v.

ABB INC.,

        Defendant.

C.A. No: 22-cv-01257-GBW

## EXHIBIT A: NON-DISCLOSURE AGREEMENT

I hereby attest that I understand that information or documents designated as Protected Material are provided to me subject to the Order dated _____, 2023 (Order), in the above-captioned action (the Action); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Protected Material pursuant to the Order.

I further agree that I shall not use Protected Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Protected Material, in any form whatsoever, to others.

I further agree to return or destroy Protected Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Material will continue even after this Action concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be

subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Exhibit, regardless of whether the Order has been entered by the Court.

Date: _____

By:_____