IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOTICVISIONTECH, INC., ) | |
| ) | |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| v.   ) | C.A. No. 22-1257-GBW |
| ) | |
| ABB INC., ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |
| ) | |

**RVT'S OPENING LETTER BRIEF IN SUPPORT OF ITS REQUEST
FOR A PROTECTIVE ORDER**

OF COUNSEL:
J.C. Rozendaal
Michael E. Joffre
Daniel S. Block
William H. Milliken
Kristina Caggiano Kelly
Anna G. Phillips
Steven M. Pappas
Ryan Kaiser
Brooke N. McLain
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for RoboticVISIONTech, Inc.*

Dated: July 17, 2024

Dear Judge Williams:

  Pursuant to Your Honor's Order at D.I. 194, Plaintiff and Counterclaim-Defendant RoboticVISIONTech, Inc. (RVT) submits this letter brief in support of its request for a protective order (D.I. 190).

  Defendant and Counterclaim-Plaintiff ABB Inc. has noticed RVT with numerous deposition topics related to RVT's litigation funding efforts, investors, and attempts to monetize its intellectual property assets. Not only is much of this information privileged, but it also has no relation to any claim or defense in this patent-infringement and copyright-infringement case. In addition to being irrelevant, the topics at issue appear plainly calculated to harass and burden RVT and its principals. RVT respectfully requests that the Court issue an order under Federal Rule of Civil Procedure 26(c) forbidding inquiry into the matters covered by those topics in any 30(b)(6) or 30(b)(1) deposition.

## Background

  RVT sued ABB in 2022 for patent infringement, copyright infringement, and misappropriation of trade secrets D.I. 1. The trade-secret claims have since been dismissed. D.I. 94. In response to RVT's suit, ABB asserts affirmative defenses and counterclaims related to RVT's patent-infringement and copyright-infringement claims. *See* D.I. 109.

  ABB served RVT with a Rule 30(b)(6) notice on May 24, 2024. Ex. 1. Many of ABB's noticed deposition topics relate to RVT's litigation funding efforts, the names and shares of RVT's closely held investors, and RVT's attempts to monetize its intellectual property portfolio:

| # | Description of disputed topic |
|---|---|
| 6 | Communications between RVT and third parties concerning any alleged infringement of the Asserted Patents by ABB. |
| 7 | Communications between RVT and third parties concerning the Asserted Patents and/or the subject matter of this Litigation. |
| 25 | The identity of any person(s) that have a financial interest in the Patents-in-Suit or the outcome of RVT's claims in this action, and the nature of any such interest. |
| 26 | The subject matter of any communications with third parties about this action including the dates of such communications and the persons involved with such communications. |
| 84 | Your plans for an IP monetization campaign, including when you first contemplated monetizing IP and the steps you took in implementing such a campaign. |
| 85 | Any litigation funding arrangements applicable to this case, including the terms of any agreement with any third party litigation funder. |
| 86 | Any and all third parties with a financial interest in the outcome of this Action, including any third parties with a contractual right to recover a portion of RVT's financial recovery in this Action or a right to payment contingent on the outcome of this Action. |
| 87 | The terms of any contract a third party concerning the distribution of funds recovered in this Action. |
| 88 | The terms of any contract with a third party that provides for payment of money contingent on the outcome of this Action. |
| 89 | Communications between RVT and any litigation funder. |

| 90 | Any investments in RVT (including purchases of equity, loans, grants, or any other form of funding). |
|---|---|
| 91 | Communications with RVT's investors concerning the Action. |
| 92 | Communications with RVT's investors concerning ABB, FlexVision, or the Asserted Patents. |

The above topics seek information that is privileged, irrelevant, and unnecessarily burdensome. RVT has thus objected to those topics and declined to provide a witness on them. *See* Ex. 2 at 14–16, 32–34, 85–91. The parties met and conferred about RVT's objections to these topics on July 1, 2024. But ABB has refused to withdraw these topics or to agree not to question RVT's witnesses about them. So RVT now requests a protective order.

## Argument

Even to the extent the disputed deposition topics seek non-privileged information, that information is irrelevant. It is hard to discern any purpose for these topics other than to harass or unduly burden RVT.

"[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The order may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). A party seeking such an order must show good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To establish good cause, the movant must demonstrate "that disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

The information sought in the disputed topics is irrelevant. "[C]ourts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case." *Fulton v. Foley*, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (collecting cases). While the Third Circuit has yet to weigh in on the issue— *see United Access Techs., LLC v. AT&T Corp.*, 2020 WL 3128269, at *1 (D. Del. June 12, 2020)—at least one court in the circuit has agreed with the "plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant." *In re Valsartan N-NDMA Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019). And for good reason: "providing [the defendant] with the details of [the plaintiff's] financing provides an unfair and unwarranted advantage to [the defendant]." Ex. 3, *TQ Delta LLC v. Adtran, Inc.*, C.A. No. 14-954-RGA (D. Del. June 6, 2018), D.I. 419 at 2; *accord Cirba Inc. v. VMWare, Inc.*, 2021 WL 7209447, at *2 (D. Del. Dec. 14, 2021).

Topics 25 and 85–89 explicitly seek information about RVT's private investors and litigation funding and are wholly irrelevant. Topics 6, 7, 26, 84, and 90–92 are framed more broadly but are also plainly calculated to seek information about RVT's litigation funding and private investors. This is precisely the sort of discovery that courts in this district have held irrelevant. *Cirba*, 2021 WL 7209447, at *3. None of those topics bears on any party's claim or defense. As Judge Andrews explained in *TQ Delta*, "the entities that are providing the funding" and "the amount of the funding" are irrelevant, and "really they should be off limits unless they are really necessary." Ex. 4, *TQ Delta LLC v. Comcast Cable Commc'ns LLC*, C.A. No. 15-611-

2

RGA (D. Del. Oct. 11, 2016), D.I. 154, Tr. 34:7–12; *see Cirba*, 2021 WL 7209447, at *2–3. ABB cannot point to any valid reason why information about the identity or financial interest of any litigation funder, RVT's communications with that funder, or anything else about RVT's purported "monetization campaign" is even relevant—let alone "really necessary"—here.

The only funding-related information even arguably tied to the claims and defenses in this case is information regarding valuations of the asserted patents, but even that information is, at most, of limited relevance. *See Cirba*, 2021 WL 7209447, at *2–3 (observing that valuations of the asserted patents might be used in a "Book of Wisdom" component of a reasonable royalty analysis but finding it "unlikely" that the valuations would be presented to the jury); Ex. 5, *Cleveland Med. Devices Inc. v. ResMed Inc.*, C.A. No. 22-794-GBW (D. Del. Oct. 20, 2023), D.I. 177 at 4 (denying discovery regarding litigation funding and emphasizing that while "materials discussing litigation funding *may* be relevant to the value of asserted patents," they are not per se relevant). *But see AVM Techs., LLC v. Intel Corp.*, 2017 WL 1787562, at *3 (D. Del. May 1, 2017) (litigation funding agreements "are so far removed from the hypothetical negotiation that they have no relevance"); Ex. 6, *Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175 (N.D. Ill. Jan. 26, 2022), D.I. 497 at 21 (finding that "a litigation funding agreement is a step of abstraction removed from any real-world indicators of value like the *Georgia Pacific* factors") (cleaned up). In any event, in an effort to narrow the parties' disputes, RVT will provide a witness to testify on RVT's knowledge, if any, of valuations of the asserted patents. Therefore, ABB will have the opportunity to question RVT's witnesses about the only funding-related topic even remotely bearing on the issues in this case.

Given the lack of any relevance to the claims at issue, these topics will only serve to needlessly burden RVT's principals so that ABB can build a false and prejudicial narrative that RVT is a patent and copyright troll. ABB may desire to tell that tale at trial, but its interest in developing that (grossly incorrect) theme is untethered to any actual claim or defense in this case and therefore does not provide a proper basis for discovery. *See* Ex. 6, *Kove IO*, No. 18 C 8175, D.I. 497 at 22.

Moreover, "providing [ABB] with the details of [RVT's] financing" would "provide[] an unfair and unwarranted advantage to [ABB]." Ex. 3, *TQ Delta*, C.A. No. 14-954-RGA, D.I. 419 at 2. RVT should not be forced to disclose sensitive and confidential strategy information to a competitor such as ABB, especially when none of that information goes to the merits of the lawsuit. The disclosure of such information would undoubtedly harm RVT in this litigation and almost certainly in the marketplace, too. Allowing ABB to delve into the details of RVT's means of financing the litigation could, for example, invite ABB to strategically litigate this case based on considerations other than the merits[1] (e.g., to exhaust RVT's financial resources).

---

[1] ABB is already doing this. Its recent papers attempt to spin a false narrative about RVT's motivations for pursuing this case—even though those motivations are irrelevant to the issues in dispute. *See, e.g.*, D.I. 171 at 1 (baselessly accusing RVT of "pursu[ing] specious allegations against a broad swath of previously unaccused products to try to up the ante for its litigation funder and band of investors"). ABB's wildly overbroad topics are just a fishing expedition to try to support this false narrative—a narrative that has no place in this lawsuit.

                                                    Respectfully submitted,

                                                    */s/ Nathan R. Hoeschen*

                                                    Nathan R. Hoeschen (No. 6232)

cc:    Clerk of the Court (by CM/ECF & Hand Delivery)
        All counsel of record (by CM/ECF & Email)